MEMORANDUM **
Petitioner Carl Hakanson appeals the district court’s dismissal of: 1) his Oregon state tort claims for wrongful discharge and intentional infliction of emotional distress (IIED) against his former employer, Boise Inc., and 2) his Oregon state tort claims for defamation and IIED against his former labor union, Western Pulp & *650 Paper Workers Local 396 (Union). Hakanson contends the district court erred when it held all of his claims were preempted under the federal Labor Management Relations Act (LMRA), 18 U.S.C. § 6001 et seq., and dismissed the claims as time-barred after the expiration of the LMRA’s six-month statute of limitations, 29 U.S.C. § 160(b). We affirm the dismissal of the claims against Boise, and reverse and remand as to the claims against the Union.[1]
The district court correctly held that Hakanson’s state law claims against Boise are preempted by the LMRA. The LMRA preempts “claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependant on an analysis of a collective bargaining agreement.” Cramer v. Consol. Freightways, 255 F.3d 683, 689 (9th Cir.2001). Hakanson’s state law claims against Boise are dependent on an analysis of the collective bargaining agreement. Hakanson—who was terminated for fighting on company property with fellow employee Thomas Dorsey—contends his claims are not preempted because the right to act in self-defense is established public policy in the state of Oregon, thus giving him state law claims for wrongful discharge and IIED. But, Oregon has never recognized a wrongful discharge claim based on an employee’s affirmative right to self-defense. Thus, Hakanson’s wrongful discharge claim—and his IIED claim arising from his purportedly wrongful termination—requires interpretation of the collective bargaining agreement’s provision which stated Boise could “discipline employees only for just and sufficient cause.” Therefore, Hakanson’s state law claims against Boise are preempted by the LMRA. See Cramer, 255 F.3d at 689. Because Hakanson filed his claims outside the LMRA’s six-month statute of limitations, the district court correctly dismissed the claims against Boise.
However, the district court erred when it held Hakanson’s state law claims against the Union are preempted by the LMRA. Hakanson contends the Union defamed him when it encouraged Dorsey to file a police report which stated that Hakanson had been the aggressor in their altercation. Although “statements that are made in grievance proceedings established by a [collective bargaining agreement]. ... are privileged and may not support a state tort claim,” Hyles v. Mensing, 849 F.2d 1213, 1217 (9th Cir.1988), we find no authority for the proposition that the statements the Union encouraged Dorsey to make to the police were statements made “in grievance proceedings.” Hyles provides that statements are privileged if they are made by witnesses in the course of grievance hearings. The district court erred when it extended the Hyles rule to cover any and all statements made while the Union’s representation of Dorsey representation was ongoing.
We cannot agree with the dissent that the Union’s encouragement of Dorsey to make an allegedly false report of Hakanson’s actions to the police can be a privileged act because Dorsey, the Union favorite, was engaged in grievance proceedings, and that such a report might advantageously leverage Dorsey’s position in the grievance proceedings. The Union stands accused of a tort: defamation of Hakanson by encouraging Dorsey’s false police report to the police. We would not extend Hyles to hold that civil tort becomes privileged simply because it furthers the litigation posture of the tortfeasor’s favorite.
*651 Thus, we hold that Hakanson’s state-law defamation claim against the Union, and his IIED claim arising from the alleged defamation, are not preempted by the LMRA. Because Hakanson’s state-law claims against the Union were not preempted by the LMRA, they also were not barred by the LMRA’s statute of limitations.
We thus AFFIRM the dismissal of Hakanson’s claims against Boise, REVERSE the dismissal of Hakanson’s claims against the Union, and REMAND to the district court for further proceedings consistent with this decision.
Hakanson shall bear Boise’s costs on appeal. The Union shall bear half of Hakanson’s costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.